UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MANUEL CARAVALHO,

Petitioner,

v.

MARIAN SPEARMAN,

Respondent.

Case No. 18-cv-02285-JD

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION**

Re: Dkt. Nos. 12, 16, 17

Anthony Caravalho, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

Petitioner was convicted of premeditated attempted murder and sentenced to seven years to life in prison. Petition at 1-2. Petitioner states that he did not file a direct appeal, but various filings in the Alameda County Superior Court are currently pending. Petition at 3-4.

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State Supreme Court, claim not fairly presented).

Petitioner has presented a fully unexhausted petition. While filings are currently pending in the superior court, no claims have been presented to the California Supreme Court. While the Court has the discretion to stay a petition containing only unexhausted claims, *see Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016), petitioner has not shown that he is entitled to a stay. This is a recent conviction and petitioner has only just begun the exhaustion process. The petition is dismissed without prejudice and petition may file a new petition if he does not obtain relief in state court and the claims have been fairly presented to the California Supreme Court.[1]

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for

2

**CONCLUSION**

1. Leave to proceed in forma pauperis (Docket Nos. 12, 16, 17) is **GRANTED**.

2. The petition is **DISMISSED** without prejudice. Because reasonable jurists would not find the result here debatable, a certificate of appealability is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for certificate of appealability). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2018

JAMES DONATO
United States District Judge

---

filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MANUEL CARAVALHO,

Plaintiff,

v.

MARIAN SPEARMAN,

Defendant.

Case No. 18-cv-02285-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Manuel Caravalho ID: BC-9503
High Desert State Prison
P. O. Box 3030
Susanville, CA 96127

Dated: July 31, 2018

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO